UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER W. BAILEY, G60744,<br><br>    Petitioner,<br><br>  v.<br><br>E. BORDA, Warden,<br><br>    Respondent. | Case No. 24-cv-02307-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF Nos. 2, 3 & 5) |

  Petitioner, a state prisoner serving multiple state court sentences at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging an immigration detainer filed against him by Immigration and Customs Enforcement (ICE). Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

  The federal writ of habeas corpus is only available to persons "in custody" at the time the petition for a writ of habeas corpus is filed. See 28 U.S.C. §§ 2241(c), 2254(a). This requirement is jurisdictional. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). And unfortunately for petitioner, it is well established that an immigration detainer "does not sufficiently place an alien in [ICE] custody to make habeas corpus available." Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), superseded by statute on other grounds as stated in, Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995). An immigration detainer, like the one petitioner attaches to his petition, simply expresses interest in the prisoner and notifies prison officials that a decision regarding his deportation will be made in the future; it does not compel prison officials to hold the prisoner for ICE. See id. at 304.

  For the foregoing reasons, the petition for a writ of habeas corpus challenging an immigration detainer is DISMISSED for lack of "in custody" jurisdiction and the two pending

1  miscellaneous motions for related habeas relief (ECF Nos. 2 & 3) similarly are DISMISSED as
2  moot and/or for lack of merit. But based solely on petitioner's affidavit of poverty, his application
3  for leave to proceed IFP (ECF No. 5) is GRANTED.
4      The clerk is instructed to terminate the motions appearing on ECF as items number 2, 3
5  and 5.
6      **IT IS SO ORDERED**.
7  Dated: July 2, 2024

                              CHARLES R. BREYER
                              United States District Judge